# Exhibit D

IN THE MAGISTRATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

MATTHEW K. FIELDS )    CASE NO. 24-M-17255
Plaintiff, )
)
Vs. )
)
CHECKR GROUP INC. )
GETAROUND INC. )
Defendants. )

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Comes now the Plaintiff, Matthew K. Fields, *pro se* at time of filing, in accordance with Federal Rules of Civil Procedure, and for his First Amended Complaint, alleges as follows:

## SUMMARY AND OVERVIEW / LEGAL STANDARDS

1. Plaintiff brings this individual action under the Fair Credit Reporting Act, 15 U.S.C. 1681 et seq., for civil penalties and injunctive and other equitable relief against Defendants Checkr Group Inc. ("Checkr") and Getaround Inc. ("Getaround") (collectively, "Defendants").

2. On April 4, 2024, Plaintiff established an online account with Hyrecar.com, a peer-to-peer vehicle rental platform owned by Getaround Inc. As a prerequisite to renting a vehicle through the Hyrecar platform, Plaintiff was prompted to review and accept HyreCar's Terms of Service, Driver Eligibility Requirements and accompanying policies as a condition of his usage of the HyreCar platform. Plaintiff timely filed and served a demand for arbitration against Hyrecar with the American Arbitration Association, pursuant to Hyrecar's Terms of Service, however, in a letter dated May 10, 2024, the American Arbitration Association declined to administer the claim citing "Prior to the filing of this arbitration, Getaround, Inc. failed to comply with the AAA's policies regarding consumer claims, set forth in the Consumer Due Process Protocol ("Protocol") and the Consumer Arbitration Rules ("Consumer Rules"), including the Costs of Arbitration, and/or removed themselves from the Consumer Clause Registry, which can be found on our website, www.adr.org/clauseregistry. Accordingly, we must decline to administer this claim and any other claims between this business and its consumers at this time."

3. On April 9, 2024, Plaintiff received an e-mail from HyreCar (attached hereto as Collective Exhibit A) indicating his background check was not approved. The e-mail correspondence failed to provide Plaintiff with a copy of his consumer report and failed

to provide disclosures required under 15 U.S.C. 1681g (Disclosures to Consumers), including a Summary of Rights Under the Fair Credit Reporting Act.

4. Upon investigation, Plaintiff discovered that Defendant Getaround employs a third-party background screening company - Checkr Group Inc. - to procure background screenings. These background screenings are "consumer reports" and bound by the Fair Credit Reporting Act, 15 U.S.C. 1681 et seq.

5. On April 22, 2024, Plaintiff received a copy of his consumer report from Checkr via email (attached hereto as Collective Exhibit A). Once more, no disclosures were provided in accordance with U.S.C. 1681g (Disclosures to Consumers) of the Fair Credit Reporting Act, not was Plaintiff provided with any instructions with respect to how to dispute information contained within the consumer report.

6. The consumer report produced by Checkr contained material omissions such that it was adverse to Plaintiff. The misleading character proximity resulted in HyreCar denying Plaintiff's application to rent a vehicle.

7. Case law supports the rule that material omissions can cause reports to be inaccurate within the meaning of the Fair Credit Reporting Act. See *Pittman v. Experian Info. Solutions, Inc.*, 901 F.3d 619, 629 n.5 (6th Cir. 2018) (requiring that information disclosed by the CRA be both not "inaccurate" and not "incomplete."); see also *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 617 (6th Cir. 2012) (citing *Sepulvado v. GSC Credit Servs., Inc.*, 158 F.3d 890, 895-96 (5th Cir. 1998) as a case that "interpret[ed] [the] 'accuracy' requirement under 1681e(b) to impose a duty to avoid material omissions").

8. The relevant provision of the Fair Credit Reporting Act - 15 U.S.C. § 1681e(b) - requires Consumer Reporting Agencies such as Checkr to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." And if a Consumer Reporting Agency negligently or willfully violates this mandate, the statute continues, an aggrieved consumer may bring suit. Id. § 1681n (allowing private right of action for willful noncompliance), § 1681o (same, for negligent noncompliance).

9. The emphasized language "maximum possible accuracy" suggests that Congress wanted to hold Consumer Reporting Agencies to a higher standard than mere technical accuracy. See *Cortez v. Trans Union, LLC*, 617 F.3d 688, 709 (3d Cir. 2010) (describing the "distinction between "accuracy' and 'maximum possible accuracy'" as "quite dramatic"). What's more, a brief tour of § 1681e(b) 's surrounding provisions shows that Congress was concerned with "incomplete" reporting as much as it was with "inaccurate" reporting. See, e.g., 15 U.S.C. § 1681b (b) (3) (B) (i) (IV) (allowing consumers to "dispute with the [CRA] the accuracy or completeness of any information."

10. In construing 15 U.S.C. § 1681e(b), it is most important to follow the fundamental rule of statutory interpretation that "we must give effect to every word of a statute wherever possible." *United States v. Collins*, 683 F.3d 697, 706 (6th Cir. 2012) (quoting *Leocal v.*

*Ashcroft*, 543 U.S. 1, 12, 125 S.Ct. 377, 160 L.Ed.2d 271 (2004) ). If merely "technical accuracy" were the proper standard, then the words "maximum" and "possible" would be superfluous. We must give some meaning to those words, and therefore § 1681e(b) 's "accuracy" requirement imposes a duty to avoid not only patently incorrect information but also information that was "misleading in such a way and to such an extent that it [could have been] expected to have an adverse effect [on the consumer]."

11. Defendants failed to provide proper adverse action notices in violation of 15 U.S.C. 1681m of the Fair Credit Reporting Act.

12. Defendants did not have a 'permissible purpose' to procure a consumer report in violation of 15 U.S.C. 1681b of the Fair Credit Reporting Act.

13. Defendants failed to "follow reasonable procedures to assure maximum possible accuracy" in violation of 15 U.S.C. 1681e(b) of the Fair Credit Reporting Act.

## PARTIES/JURISDICTION AND VENUE

14. This Court has personal jurisdiction over Defendants pursuant to O.C.G.A. 9-10-90 and 9-10-91 because Defendants transact business within the State of Georgia and this action arises out of Defendants' actions within the State of Georgia. The Court has subject matter jurisdiction over this action pursuant to Ga. Const. Art. VI, IV, Para 1.

15. Venue is proper in this forum pursuant to O.C.G.A. 9-10-93 because a substantial part of defendants' business is transacted within this district.

16. Plaintiff Matthew K. Fields is a resident of the State of Georgia residing at 108 Villa Rosa Ridge, Temple, Georgia 30179.

17. Defendant Checkr Group Inc. is a Corporation conducting business within the State of Georgia and whose Registered Agent's Physical Address is 289 S. Culver St., Lawrenceville, Georgia 30046, located within this court's jurisdiction.

18. Defendant Getaround Inc. is a Corporation conducting business within the State of Georgia and whose Registered Agent's Physical Address is 289 S. Culver St., Lawrenceville, Georgia 30046, located within this court's jurisdiction.

WHEREFORE, Plaintiff prays as follows:

a. That this case be set for a hearing on the merits;
b. That Plaintiff be awarded actual damages in the amount of $1,000;
c. That Plaintiff be awarded such amount of punitive damages as the court may allow;
d. That Plaintiff be awarded statutory damages;
e. That Plaintiff be awarded the cost of this action;

f.  That Plaintiff be awarded such other legal and equitable relief as the Court may deem just and proper.

Respectfully submitted this 13th day of May, 2024.

Matthew K. Fields
Plaintiff *pro se*
108 Villa Rosa Ridge
Temple, GA 30179

## CERTIFICATE OF SERVICE

I, Matthew K. Fields, the Plaintiff, hereby certify under penalty of perjury that a true and exact copy of the above and foregoing has been served via statutory e-mail and via USPS Mail, with sufficient postage affixed thereon to insure proper delivery upon:

Mr. John G. Papianou
Attorney for Checkr Group Inc.
Montgomery McCracken Walker & Rhoads LLP
1735 Market Street
Philadelphia, PA. 19103-7505
jpapianou@mmwr.com

Mr. Spencer Jackson
General Counsel, Getaround Inc.
55 Green Street
San Francisco, CA. 94111-1412
spencer@getaround.com

Respectfully submitted this 13th day of May, 2024.

Matthew K. Fields
Plaintiff pro se
108 Villa Rosa Ridge
Temple, GA. 30179
Telephone: (423) 432-8472
Email: Matt.K.Fields@GMail.com