IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
|  | : |  |
| MATTHEW K. FIELDS, | : | CIVIL ACTION NO. |
|  | : | 1:24-CV-2122-AT-JSA |
| Plaintiff, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| CHECKR GROUP INC., | : | **FINAL REPORT AND** |
|  | : | **RECOMMENDATION ON A** |
| Defendant. | : | **MOTION TO DISMISS** |

Plaintiff Matthew K. Fields, proceeding *pro se*, brings this action against Defendant Checkr Group, Inc. ("Checkr") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq*. In his Amended Complaint, Plaintiff alleges that Defendant furnished inaccurate and misleading information about him on a background check report it provided to a third party [15]. Plaintiff further alleges that Defendant failed to send him a summary of his rights under the FCRA when it disclosed the background report to him.

On September 26, 2024, Defendant moved to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted [16]. After reviewing Defendant's Motion, the Court determined that one of Defendant's arguments for dismissal relied on evidence outside the pleadings [20]. The Court subsequently notified the parties that

it would consider that particular argument under the standards that govern motions for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *Id*. at 2. Plaintiff was provided with an opportunity to submit additional evidence and legal argument on the issue showing that a genuine issue of material fact remained.

Plaintiff has not responded to Defendant's Motion. Under this Court's Local Rules, this indicates that Plaintiff has no opposition to the Motion. *See* Local Rule 7.1(B), ND Ga. ("Failure to file a response shall indicate that there is no opposition to the motion.")   Nonetheless, it is not the practice of courts in this district to dismiss a *pro se* complaint solely because the Plaintiff failed to respond to a motion to dismiss. *See Brown v. CitiMortgage, Inc.*, No. 1:15-CV-4143-CC-AJB, 2016 WL 9450410, at *3 (N.D. Ga. May 25, 2016) (collecting cases), *report and recommendation adopted*, 2016 WL 9450409 (N.D. Ga. Jun. 23, 2016). And when a motion for summary judgment is unopposed, the Court must, at the least, review the argument and evidence submitted in support of summary judgment to establish whether a genuine issue of material fact exists. *United States v. One Piece of Real Prop. Located at 5800 S.W. 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101-02 (11th Cir. 2004). In other words, the Court does not rubber-stamp a requested dismissal and instead determines independently whether there is a sound legal basis for dismissal or the entry of summary judgment. Having reviewed Defendant's

arguments and evidence, the undersigned **RECOMMENDS,** for the reasons set forth below, that Defendant's Motion [16] be **GRANTED.**

## I.    BACKGROUND

On April 4, 2024, Plaintiff set up an online account with HyreCar.com ("HyreCar"), a vehicle rental company. Am. Compl. [15] at 2. As a prerequisite to using the platform, Plaintiff reviewed and accepted HyreCar's Terms of Service, Driver Eligibility Requirements, and accompanying policies. *Id*. at 2.

On April 9, 2024, HyreCar sent Plaintiff an email declining his account because his background check was not approved. *Id*. at 2. After investigating, Plaintiff discovered that HyreCar employed Defendant to run background checks on individuals seeking to establish accounts with HyreCar. *Id*. at 2. Plaintiff alleges that these background checks are consumer reports as defined by the FCRA. *Id*. at 2.

On April 22, 2024, Defendant emailed Plaintiff a copy of the background check report that it prepared for HyreCar. *Id*. at 2. Plaintiff alleges that the report "contained material omissions such that it was adverse" to him and misled HyreCar into denying his application to rent a vehicle. *Id.* at 2-3. According to Plaintiff, Defendant's email did not include a summary of his rights under the FCRA nor did it provide him with any instructions about how he could dispute the information contained on the background report. *Id*. at 2.

3

That same day, Plaintiff filed a two-sentence Statement of Claim in the Magistrate Court of Gwinnett County, Georgia, alleging that Defendant's actions violated the FCRA. *See* Not. of Removal, Ex. A [1-1]. Defendant removed the case to federal court on May 15, 2024, on the basis federal question jurisdiction. Not. of Removal [1].   Shortly thereafter, Defendant moved to either dismiss Plaintiff's Complaint for failure to state a claim, or for a more definite statement. Mot. to Dismiss [7]. Plaintiff failed to respond to Defendant's Motion, and after reviewing the Complaint and Defendant's argument, the Court ordered Plaintiff to file an amended complaint curing various pleading deficiencies. *See* Order [11].

Plaintiff filed his Amended Complaint on September 12, 2024 [15], attaching the background report that Defendant prepared for HyreCar. The report indicates that it is a "Motor Vehicle Report" prepared on April 4, 2024. *Id*. at 9. In addition to identifying information about Plaintiff and his license status, the report lists an "Accident with Property Damage." The only information the report includes about the accident is the date that it occurred (November 9, 2022) and the state where it occurred (Tennessee). *Id*. at 10. At the bottom of the report is a note stating that "[u]nless fault is indicated, only the fact of an accident is being reported." *Id*. at 10.

Plaintiff alleges that the report "fail[s] to provide vital information" because it does not include additional information about the accident, such as the source of this information, who was at fault for the accident, or the jurisdiction and disposition

of any relevant legal proceedings. *Id*. at 2-3. According to Plaintiff, the report provided HyreCar with "misleading character" information about him, resulting in HyreCar denying his application to create an account and rent vehicles. *Id*. at 3. He seeks actual, punitive, and statutory damages. *Id*. at 5.

Construing Plaintiff's Amended Complaint liberally, as the Court must do, *see Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008), Plaintiff asserts three claims under the FCRA against Defendant. First, Plaintiff alleges that Defendant violated § 1681e(b) of the FCRA by failing "to follow reasonable procedures to assure maximum possible accuracy of the information" presented on the background report. Am. Compl. [16] at 3-4. Second, Plaintiff alleges that Defendant violated § 1681i of the FCRA by not providing an amended report to HyreCar containing additional information about the listed accident, including who was at fault, the jurisdiction and disposition of any related legal proceedings, or the source of the information. *Id*. at 4. Third, Plaintiff alleges that Defendant violated § 1681g of the FCRA by not sending him a summary of his rights under the FCRA. *Id*. at 2, 4.

Defendant moves to dismiss the §§ 1681e(b) and 1681i claims for failure to state a claim upon which this Court may grant relief. *See* Mot. [16]. Specifically, Defendant argues that Plaintiff fails to plausibly allege (1) that the background report is either inaccurate or misleading or (2) that he disputed the report. Mot. [16-1] at 5-8. As for Plaintiff's § 1681g claim, Defendant argues (1) that Plaintiff lacks standing

to pursue the claim and (2) that the claim should be dismissed because Defendant did send Plaintiff a summary of his rights under the FCRA on April 9, 2024. Mot. [16-1] at 9-11. In support of this argument, Defendant submitted a copy of its April 9, 2024, email to Plaintiff containing a copy of the background report and the summary of rights. Mot., Ex. A [16-2]. As explained above, the Court converted Defendant's Motion on this issue to a motion for summary judgment so that it could consider this extrinsic evidence in the interests of judicial economy. *See* Ord. [20] at 3, 5. Plaintiff was notified of this conversion and afforded an opportunity to submit supplemental legal argument and evidence on his § 1681g claim. *Id*. at 5. To date, Plaintiff has not submitted any such argument or documentation, nor has he responded in any fashion to Defendant's Motion.

## II.   LEGAL STANDARDS

### A.   *Standard on a Motion to Dismiss*

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A plaintiff, however, may not merely plead facts in a complaint sufficient to find a claim to relief

is conceivable; instead, the complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

Defendant moves to dismiss Plaintiff's claims pursuant to Rule 12(b)(6). When evaluating a motion to dismiss under Rule 12(b)(6), the Court cannot consider matters outside of the pleadings and must accept the allegations of the non-movant's pleadings as true, but "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Moreover, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted).

*Iqbal* went on to instruct that, while a court must accept all factual allegations in a complaint as true, it need not accept as true legal conclusions recited in a complaint. Repeating that "only a complaint that states a plausible claim for relief survives a motion to dismiss" the Supreme Court advised that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not

'shown'—'that the pleader is entitled to relief.'" *Iqbal,* 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (other citations omitted).

A *pro se* pleading must be liberally construed. *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008). Thus, a *pro se* plaintiff's complaint is "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and internal quotation omitted); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, a plaintiff who is proceeding *pro se* is still required to be in compliance with the threshold requirements of the Federal Rules of Civil Procedure. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Thus, this leniency does not permit the district court to act as counsel for a party or to rewrite deficient pleadings. *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 276–77 (11th Cir. 2008) (*per curiam*); *see also GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) ("even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party"), *overruled on other grounds as recognized by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010). Moreover, although a *pro se* complaint is held to less stringent standards than formal pleadings drafted by attorneys, the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003) (internal quotation omitted). The Court is also generally required to provide a

*pro se* litigant an opportunity to replead a deficient complaint before dismissal, unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (*en banc*) (explaining that a district court should give a *pro se* plaintiff an opportunity to amend a complaint if such amendment would not be futile).[1]

B.    *Standard on a Motion for Summary Judgment*

As noted, a court ordinarily cannot consider matters outside the pleadings when evaluating a motion to dismiss under Rule 12(b)(6) without converting the motion to a motion for summary judgment. *See Redding v. Tuggle*, No. 1:05-CV-2899-WSD, 2006 WL 2166726, at *5 (N.D. Ga. July 31, 2006). Summary judgment is authorized when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Dietz v. Smithkline Beecham Corp.*, 598 F.3d 812, 815 (11th Cir. 2010). The party seeking summary judgment bears the burden of demonstrating the absence

---

[1] *Wagner* overruled *Bank* as to counseled litigants, but specifically stated that it did not address *pro se* litigants. *See Wagner*, 314 F.3d at 542 n.1. Thus, the *Bank* rule remains applicable to *pro se* litigants when the Court is determining whether to dismiss a *pro se* complaint with prejudice. *See Duff v. Steub*, 378 F. App'x 868, 872 n.5 (11th Cir. 2010).

of a genuine dispute as to any material fact. *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 175 (1970); *Bingham, Ltd. v. United States*, 724 F.2d 921, 924 (11th Cir. 1984). The movant carries this burden by showing the court that there is "an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In making its determination, the court must view the evidence and all factual inferences in the light most favorable to the nonmoving party. *See Jurich v. Compass Marine, Inc.*, 764 F.3d 1302, 1304 (11th Cir. 2014).

Once the movant has adequately supported its motion by citing to materials in the record, the party opposing summary judgment must come forward with specific facts that demonstrate the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The nonmoving party is required "to go beyond the pleadings" and to present competent evidence designating "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. Generally, "[t]he mere existence of a scintilla of evidence" supporting the nonmoving party's case is insufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

If a fact is found to be material, the court must also consider the genuineness of the alleged factual dispute. *Id.* An issue is not genuine if it is unsupported by evidence, or if it is created by evidence that is "merely colorable" or is "not significantly probative." *Id.* at 249. A dispute is genuine "if the evidence is such that

10

a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248. Moreover, for factual issues to be genuine, they must have a real basis in the record. *Matsushita*, 475 U.S. at 587. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* at 587 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)). Thus, the standard for summary judgment mirrors that for a directed verdict: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251.

When considering motions for summary judgment, the court does not make decisions as to the merits of disputed factual issues. *See Anderson*, 477 U.S. at 249; *Ryder Int'l Corp. v. First Am. Nat'l Bank*, 943 F.2d 1521, 1523 (11th Cir. 1991). Rather, the court only determines whether there are genuine issues of material fact to be tried. Applicable substantive law identifies those facts that are material and those that are irrelevant. *Anderson*, 477 U.S. at 248. Disputed facts that do not resolve or affect the outcome of a suit will not properly preclude the entry of summary judgment. *Id*.

## III.    DISCUSSION

### A.    *The FCRA*

The FCRA is a comprehensive statutory scheme designed to regulate the collection, dissemination, and use of consumer credit information. 15 U.S.C. § 1681(a). In enacting the FCRA, Congress recognized both the "vital role" of consumer reporting agencies ("CRAs") and the "need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4). "CRAs provide a critical economic service by collecting and transmitting consumer credit information." *Ross v. F.D.I.C.*, 625 F.3d 808, 812 (4th Cir. 2010) (citing *Cushman v. Trans Union Corp.*, 115 F.3d 220, 223 (3d Cir. 1997)). But CRAs sometimes make mistakes and report inaccurate information, which can be detrimental to the consumer, the creditor, and the economy as a whole. *Id*. Accordingly, Congress determined that a regulatory framework was necessary to prevent errors in credit reporting and to provide remedies when mistakes are made. *Id*.

Thus, in 1970, Congress enacted the FCRA, a "comprehensive series of restrictions on the disclosure and use of credit information assembled by consumer reporting agencies." *Id*. (quoting *FTC v. Manager, Retail Credit Co.*, 515 F.2d 988, 989 (D.C. Cir. 1975)). "Congress enacted the FCRA in 1970 to promote efficiency in the Nation's banking system and to protect consumer privacy . . . [and] the Act

seeks to accomplish those goals by requiring credit reporting agencies to maintain reasonable procedures designed to assure maximum possible accuracy of the information contained in credit reports [ ] and to limit the furnishing of [such reports] to certain statutorily enumerated purposes." *TRW Inc. v. Andrews*, 534 U.S. 19, 23 (2001) (internal citations and quotations omitted). The purpose of the FCRA was "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit . . . in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681(b).

"The FCRA creates a private right of action against consumer reporting agencies for the negligent or willful violation of any duty imposed under the statute." *Collins v. Experian Info. Sols., Inc.*, 775 F.3d 1330, 1333 (11th Cir. 2015) (internal citations omitted). A negligent violation of the FCRA subjects a furnisher to actual damages sustained as a result of the violation. 15 U.S.C. § 1681o. However, a willful violation of the FCRA subjects a furnisher to liability for punitive damages. 15 U.S.C. § 1681n.

B.    *Plaintiff's § 1681e(b) Claim*

In general, courts have interpreted § 1681e(b) of the FCRA to require a CRA to both maintain reasonable procedures and disclose an accurate report. *Farmer v. Phillips Agency, Inc.*, 285 F.R.D. 688, 698 (N.D. Ga. 2012). "[L]iability [under §

1681e(b)] flows from failure to follow (1) reasonable procedures (2) to assure maximum possible accuracy of information (3) concerning the individual about whom the information relates." *Bryant v. TRW, Inc.*, 689 F.2d 72, 78 (6th Cir. 1982) (internal quotation marks omitted). Consumer reporting agencies must assure "maximum possible accuracy" when preparing a consumer report. 15 U.S.C. § 1681e(b). To state a valid § 1681e(b) claim, a plaintiff must plead that (1) the CRA's report included factually inaccurate information, (2) the CRA failed to follow reasonable procedures to ensure the maximum possible accuracy of the report, and (3) this failure resulted in damages to the plaintiff. *Losch v. Nationstar Mortg. LLC*, 995 F. 3d 937, 944 (11th Cir. 2021).

Here, Plaintiff alleges that Defendant issued an inaccurate and misleading background report that led HyreCar to decline his account and refuse to rent him a vehicle. Am. Compl. [15] at 2-3. Plaintiff points to what he characterizes are "material omissions," such as the fact that the report does not state who was at fault for the accident, or where any related legal action occurred or how it ended. In sum, Plaintiff alleges that Defendant did not "follow reasonable procedures to assure maximum possible accuracy" of the report because it did not investigate the details of the accident and report those additional details to HyreCar.  *Id*. at 3.

Defendant argues that "Plaintiff has no Section 1681e(b) claim because he does not (and cannot) allege Checkr's report was inaccurate." Mot. [16-1] at 6. A

14

report is inaccurate when it contains information that is either "factually incorrect, objectively likely to mislead its intended user, or both." *Erickson v. First Advantage Background Servs. Corp.*, 981 F.3d 1246, 1252 (11th Cir. 2020). For the report to be deemed factually incorrect, the information must be "objectively and readily verifiable." *Holden v. Holiday Inn Club Vacations Inc.*, 98 F. 4th 1359, 1368 (11th Cir. 2024). And for a report to be considered misleading, it must be "so misleading that it is objectively likely to cause the intended user to take adverse action against its subject, [in other words] it is not maximally accurate." *Erickson*, 981 F. 3d at 1252. "[W]hether a report is misleading is an objective measure, one 'that should be interpreted in an evenhanded manner toward the interests of both consumers and potential creditors in fair and accurate credit reporting.' " *Id.* (citing *Cahlin v.Gen. Motors Acceptance Corp.*, 936 F. 2d 1151, 1158 (11th Cir. 1991). Even though furnishers and credit reporting agencies have "a duty to make a reasonable effort to report 'accurate' information on a consumer's credit history, [they have] no duty to report only that information which is favorable or beneficial to the consumer." *Cahlin,* 936 F. 2d at 1158. Ultimately, the Court must "look to the objectively reasonable interpretations of the report." *Holden,* 98 F. 4th at 1367 (citations omitted).

The Court agrees with Defendant that Plaintiff makes no allegation that the facts as reported by Defendant are factually incorrect. For instance, Plaintiff does

not dispute that the accident occurred or when it happened. Rather, Plaintiff alleges that, without additional information, the background report is misleading. Construing Plaintiff's amended complaint liberally, the Court understands Plaintiff to allege that the background report was misleading because it depicted only a portion of information about the accident, such that HyreCar might assume Plaintiff was responsible for the accident. Plaintiff's theory appears to be that Defendant was required under the FCRA to include in the report who was at fault for the accident, whether there was resultant legal action, and if so, in what jurisdiction and how was it adjudicated, among other things.

"[C]ourts across the country have routinely refused to find that the FCRA can be violated when a defendant reports accurate credit information without additional, contextual information demanded by the plaintiff." *Hom v. TransUnion, LLC*, No. 23-cv-81513, 2024 WL 3829971, at *1 (S.D. Fla. Aug. 15, 2024) (finding that a report was not misleading within the context of the FCRA where it did not explain that the plaintiff missed her payments because her ex-husband was obligated to make those payments on her behalf). *See also Carvalho v. Equifax Info. Svcs., LLC*, 629 F.3d 876, 891 (9th Cir. 2010) (finding that the plaintiff failed to establish that the credit report was inaccurate where she admitted that "[a]ll the data that shows in my credit report is correct" but argued the report was misleading because it did not explain that she "was not legally obligated" to pay a particular bill); *Braun v. Trans*

*Union LLC*, No. CV 19-06098-CJC(SKx), 2019 WL 13083348, at *3 (C.D. Cal. Oct. 10, 2019) ("Plaintiff's payment was unquestionably late; she merely disputes that the lateness was not her fault. This is not sufficient to plead a 'materially misleading' statement on her credit report."); *Taylor v. Screening Reports, Inc.*, No. 13 C 02886, 2015 WL 4052824, at *5 (N.D. Ill. July 2, 2015) (stating that the report did not contain "the type of misleading omission that has been found sufficient to fulfill the inaccuracy element of a § 1681e(b) claim" where it reported an eviction case but did not indicate that the case was connected to a foreclosure against another party).

Two such cases are factually similar to the instant action and involve the Defendant in this case. In the first case, *Bautista v. Checkr, Inc.*, No. 23-3796 (ZNQ) (RLS), 2024 WL 772552 (D. N.J. Feb. 26, 2024), the plaintiff, who had been employed by Uber, Inc. ("Uber") as a driver for six years, alleged that Checkr violated § 1681e(b) by giving Uber a background report showing that he had been involved in three accidents, leading Uber to remove him as a driver, effectively leaving him without a job. Bautista did not dispute that he had been involved in the three accidents. Rather, he alleged that the background report was inaccurate because it did not contain additional information showing that he was not at fault for the accidents and that the accidents occurred when he was not driving for Uber. The court in New Jersey found that the plaintiff failed to state a viable claim for relief because "[r]equiring the further step of gathering information from Plaintiff's

insurance company and New Jersey police reports to ensure comprehensiveness of Plaintiff's background report is over and above technical accuracy and would impose a burden on Checkr that would be beyond the actions a reasonably prudent CRA would take under the circumstances." *Id*. at *5. In the second case, *Oyedeji v. Checkr, Inc*., No. 23-04096, 2024 WL 1598697 (D. N.J. Apr. 12, 2024), the plaintiff similarly alleged that Checkr violated § 1681e(b) when it prepared background check reports for various on-demand ride sharing platforms for which he either worked as a driver or hoped to work for as a driver. The reports stated that Oyedeji had committed various driving-related violations. Oyedeji did not deny that he committed the violations, but rather alleged that the reports were inaccurate under the FCRA because they did not include additional information showing that he currently had a valid license and had settled the matters in court. The judge in that case dismissed Oyedeji's claim with prejudice because the reports were factually correct and Checker was only required to take "reasonable measures" to ensure accuracy in the report, which it did by taking information from the current public record. The judge explained that requiring Checkr to gather information from other sources would impose on it a burden beyond that which a reasonably prudent CRA would take.

Here, the Court finds likewise. The report in this case was not factually incorrect, as it accurately reported that Plaintiff was involved in a motor vehicle

accident on November 9, 2022, in Tennessee. Nor was it misleading under the FCRA because Defendant was not required under the statute to ensure maximum completeness of the report and include the information that Plaintiff thought should have been provided.

"[T]he standard of accuracy embodied in [the FCRA] is an objective measure that should be interpreted in an evenhanded manner toward the interests of both consumers and potential creditors in fair and accurate credit reporting." *Meeks v. Equifax Info. Servs., LLC*, No. 1:18-cv-03666-TWT-WEJ, 2019 WL 1856411, at *5 (N.D. Ga. Mar. 4, 2019), *report and recommendation adopted by* 2019 WL 1856412 (N.D. Ga. Apr. 23, 2019). Although Plaintiff may subjectively believe that his background check report was inaccurate because it did not contain all of the information that he thinks it should, this subjective belief is not enough to support a claim of inaccuracy under the FCRA. *Id.* at *7. Plaintiff fails to plausibly allege that the report was either factually incorrect or misleading, thus he does not state a valid claim under § 1681e(b). The motion to dismiss Plaintiff's § 1681e(b) claim should be granted.

C.    *Plaintiff's § 1681i Claim*

Pursuant to § 1681i, if a consumer disputes the accuracy of information contained in a consumer file at a CRA, "the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is

inaccurate and record the current status of the disputed information, or delete the item from the file" within 30 days from the date the CRA received notice of the dispute. 15 U.S.C. § 1681i(a)(1)(A). After reinvestigation, if the CRA determines that the disputed information is inaccurate, incomplete, or cannot be verified, the CRA must delete or modify the information on the report, as appropriate, and notify the furnisher of the information that has been deleted or modified from the consumer's file. 15 U.S.C. § 1681i(a)(5)(A). To state a claim for a violation of § 1681i(a), a plaintiff must allege that (1) the report contained factually inaccurate information, (2) the plaintiff notified the CRA of the alleged inaccuracy, (3) the dispute was neither frivolous nor irrelevant, (4) the CRA either did not respond or did not conduct a reasonable investigation of the disputed item, and (5) the failure of the CRA to reinvestigate caused the plaintiff to suffer damages such as out-of-pocket losses, humiliation , or mental distress. *Lazarre v. JPMorgan Chase Bank, N.A.*, 780 F. Supp. 2d 1330, 1334 (S.D. Fla. 2011).

Plaintiff alleges that Defendant violated § 1681i by failing to conduct a reinvestigation and provide HyreCar with an amended background report that included additional information on the accident, including who was at fault as well as the jurisdiction and adjudication of any resultant legal action. Am. Compl. [15] at 4. Defendant argues that "[t]his claim fails as a matter of law because Checkr's report was accurate and Plaintiff does not allege that he disputed his report." Mot. [16-1]

20

at 7-8.

The Court agrees. As explained above, Plaintiff does not plausibly allege that the background report was either factually incorrect or misleading. And nowhere in the Amended Complaint does Plaintiff allege that he notified Defendant that he disputed the report. Without such notification, Defendant had no duty to conduct a reinvestigation or issue an amended report. *See Yelder v. Credit Bureau of Montgomery, L.L.C.*, 131 F. Supp. 2d 1275, 1280 (M.D. Ala. 2001)) (finding that a plaintiff must notify the CRA directly of the disputed item in order to invoke the CRA's duties under 1681i). Having reviewed the allegations in the Amended Complaint, the Court finds that Plaintiff fails to state a claim under § 1681i. Defendant's motion to dismiss should be granted as to this claim.

D.    *Plaintiff's § 1681g Claim*

The FCRA was enacted to ensure that "consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681(b). Consistent with this purpose, the FCRA requires that "[e]very consumer reporting agency shall, upon request, and subject to section 1681h(a)(1) of this title, clearly and accurately disclose to the consumer: (1) [a]ll information in the consumer's file at the time of the request." 15

U.S.C. § 1681g(a)(1). The purpose of this disclosure requirement is to "allow consumers to identify inaccurate information in their credit files and correct this information," *Gillespie v. Equifax Info. Servs., LLC*, 484 F.3d 938, 941 (7th Cir. 2007). Additionally, § 1681g(c)(2) requires that a "consumer reporting agency shall provide to a consumer, with each written disclosure . . . [a] summary of rights" under the FCRA and other enumerated information. 15 U.S.C. § 1681g(c)(2). The summary of rights must include a description of:

(1)     the right of a consumer to obtain a copy of the consumer   report . . . from each consumer reporting agency;

(2)     the frequency and circumstances under which a consumer is entitled to receive a consumer report without charge under section 1681j [ ];

(3)     the right of a consumer to dispute information in the file of the consumer under section 1681i [ ];

(4)     the right of a consumer to obtain a credit score from a consumer reporting agency, and a description of how to obtain a credit score;

(5)     the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency without charge, as provided in the regulations of the Bureau prescribed under section 211(c) of the Fair and Accurate Credit Transactions Act of 2003; and

(6)     the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency described in section 1681a(w) [ ], as provided in the regulations of the Bureau prescribed under section 1681j(a)(1)(C) [ ].

22

15 U.S.C. § 1681g(c)(B).

Plaintiff alleges that Defendant failed in its duty under § 1681g by not providing him with a summary of his rights under the FCRA. Am. Compl. [15] at 4. Defendant argues that Plaintiff lacks standing to pursue this claim, and in any event, the claim fails because it did send Plaintiff a summary of his rights, as evidenced by the April 9, 2024, email attached to its Motion. Mot., Ex. A [16-2].

### 1. Standing

A plaintiff must have standing to pursue his case in federal court. In other words, standing is a threshold question that must be explored before a court can judge a case on its merits. *Corbett v. Transp. Sec. Admin.*, 930 F.3d 1225, 1232 (11th Cir. 2019). "If Plaintiff, in fact, lacks standing, the Court does not have subject matter jurisdiction to hear this dispute and the analysis [ ] concerning the sufficiency of Plaintiff's allegations [would] be irrelevant." *Albu v. Home Depot, Inc.*, 1:15-CV-00412-ELR, 2016WL1169196, at *6 (N.D. Ga. Mar. 4, 2016).

To have standing to pursue his claims, a plaintiff must show, among other things, that he has suffered an injury in fact. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992). An injury in fact is defined as "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Id.* at 560 (footnote, citations, and internal marks omitted); *see also Jones v. Family First Credit Union*, 340 F. Supp. 3d 1356, 1362

(N.D. Ga. 2018).

Defendant argues that Plaintiff's allegation that he did not receive a summary of his rights constitutes a "bare procedural violation" and does not plead an "actual or possible injury (or substantial likelihood of injury) resulting from Checkr's alleged failure to provide his Summary of Rights." Mot. [16-1] at 9-10. The Court agrees. "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc.* v. *Robins*, 578 U. S. 330, 341 (2016). *See also TransUnion LLC v. Ramirez*, 594 U.S. 413, 426 (2021) ("[T]his Court has rejected the proposition that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.") (internal quotation omitted). A plaintiff "cannot satisfy the demands of Article III by alleging a bare procedural violation. A violation of one of the FCRA's procedural requirements may result in no harm." *Spokeo*, 578 U.S. at 342. Instead, the plaintiff must show some concrete harm, either tangible or intangible, to establish standing.

Here, Plaintiff alleges no facts suggesting that he suffered any harm by not receiving the summary of rights or that there was a substantial likelihood he would be injured by Defendant's alleged failure to send the summary of rights. Plaintiff simply states that he never received the summary of his rights; he does not in any way indicate how this affected him. Because Plaintiff has failed to allege any

24

concrete injury related to Defendant's alleged violation of § 1681g, he lacks Article III standing to pursue that claim. Defendant's motion to dismiss the § 1681g claim should be granted.

### 2.    Summary Judgment

Should the District Court not adopt the undersigned's recommendation as to the issue of Plaintiff's standing to pursue the § 1681g claim, the undersigned proceeds below to review the claim under the standards that govern motions for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

In connection with its Motion, Defendant submitted a copy of an April 9, 2024, communication to Plaintiff disclosing the background report and attaching a summary of Plaintiff's rights under the FCRA. *See* Motion, Ex. A. [16-2]. Because this evidence was outside the pleadings, yet apparently dispositive of Plaintiff's § 1681g claim, the Court, in the interest of judicial economy, converted Defendant's Motion on this issue to one for summary judgment. Plaintiff filed no response to Defendant's Motion even after the Court notified him of this conversion and afforded him extra time to file legal arguments or additional evidence on his § 1681g claim.

The communication shows that Defendant sent Plaintiff a copy of his background check report. Mot., Ex. A [16-2] at 3. The email also advises Plaintiff that "[a] summary of your rights can also be found attached to this email and at

consumerfinance.gov." *Id.* Based on this evidence, the Court finds that there is no genuine issue of material fact as to whether Defendant sent Plaintiff a summary of his rights under the FCRA. Plaintiff fails to demonstrate the existence of a material and legitimate issue of fact that would allow him to avoid dismissal of his § 1681g claim.

### E.    Leave to Amend

The Court is generally required to provide a *pro se* litigant an opportunity to replead a deficient complaint before dismissal, unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (*en banc*) (explaining that a district court should give a *pro se* plaintiff an opportunity to amend a complaint if such amendment would not be futile).[2]

Plaintiff has already been afforded one opportunity to amend his complaint in this case. The deficiencies in Plaintiff's Amended Complaint, as explained above,

---

[2] *Wagner* overruled *Bank* as to counseled litigants, but specifically stated that it did not address *pro se* litigants. *See Wagner*, 314 F.3d at 542 n.1. Thus, the *Bank* rule remains applicable to *pro se* litigants when the Court is determining whether to dismiss a *pro se* complaint with prejudice. *See Duff v. Steub*, 378 F. App'x 868, 872 n.5 (11th Cir. 2010).

26

are not curable, and any further amendment would be futile. *See Woldeab v. DeKalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291–92 (11th Cir. 2018) (holding that when a *pro se* complaint is subject to dismissal for failure to state a claim, the district court must offer an opportunity to amend unless it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief); *Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding that a district court need not allow plaintiff leave to amend where amendment would be futile). Therefore, the Court recommends that, if the District Judge adopts this Report and Recommendation, Plaintiff not be given leave to amend his FRCA claims.

## IV.    RECOMMENDATION

For the reasons discussed, **IT IS RECOMMENDED** that Defendant's Motion to Dismiss [16] be **GRANTED**. It is **FURTHER RECOMMENDED** that Plaintiff not be afforded a second opportunity to amend his complaint. As this is a Final Report and Recommendation, there is nothing further in this action pending before the undersigned. Accordingly, the Clerk is **DIRECTED** to terminate the reference of this matter to the undersigned.

**IT IS SO RECOMMENDED** this 29th day of May, 2025.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE